SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Stephen E. Powell )
1711 Mass. Ave., N.W., Apt. #607 ) Trial by Jury Demanded
Washington, DC 20036 )
 )
 Plaintiff )
 )
 v. )
 )
Morgan Stanley & Co., Inc. )
c/o CT Corporation System )
1015 15th St., NW, Suite 1000 )
Washington, DC 20005 )
 )
 Defendant. )

RECEIVED
Civil Clerk's Office
JUL 13 2010
Superior Court
of the District of Columbia
Washington, D.C.

0005189-10

## COMPLAINT

Comes Now, Plaintiff Stephen E. Powell, and hereby Complains that Defendant Morgan Stanley & Co., Inc. ("Morgan Stanley") engaged in tortuous misconduct against him as specified below.

1. The Plaintiff resides at 1711 Massachusetts Ave., NW, Apt. #607, Washington, DC 20036, and is an adult resident of the District of Columbia.

2. The Defendant Morgan Stanley is a foreign corporation that does business in the District of Columbia and has a registered agent to accept service to be sued in the courts of the District of Columbia.

3. The acts of the Defendant Morgan Stanley that are complained of occurred or transpired in the District of Columbia, or are subject to its laws.

4. This Court has general jurisdiction and venue over the parties and specific jurisdiction under D.C. Code, Section 13-423 (a)(1), as to transacting business, and Section 13-423 (a)(3), as to causing tortuous injury.

5. The Plaintiff is a self-employed financial and business consultant and established a financial account with the Defendant Morgan Stanley in May 2008, and transacted with its D.C. office.

6. On or about February 6, 2009, the Plaintiff transferred from an outside stock brokerage account the sum of Ninety ($90,000) Thousand Dollars to his financial account held by the Defendant Morgan Stanley.

7. On or after February 6, 2009, the Defendant Morgan Stanley froze the financial account of the Plaintiff without just cause and without lawful process, and failed to notify him of his account status.

8. At the time that his financial account was frozen, but without notice of the freeze from the Defendant Morgan Stanley, the Plaintiff wrote checks on his account which were dishonored by the Defendant.

9. The dishonoring of these checks by the Defendant Morgan Stanley caused embarrassment to the Plaintiff and harm to his reputation as a financial and business consultant.

10. The Defendant Morgan Stanley kept the Plaintiff's account frozen for about one month without just cause and without lawful process, and then terminated his account in March 2009 without just cause and without lawful process.

11. During the time that the Plaintiff's account was frozen, he suffered severe emotional distress as a result, because he was relying solely upon the funds in this account to meet his basic living and business expenses.

## COUNT ONE

## UNLAWFUL TROVER AND CONVERSION

12. The Plaintiff incorporates by reference Paragraphs 1-11 as set forth herein.

13. The acts of the Defendant Morgan Stanley in freezing the account of the Plaintiff without just cause or lawful process constituted improper dominion and control of the account, and thus unlawful trover and conversion of the funds of the Plaintiff, which resulted in monetary damages to him. See, Blanken v. Harris, Upham & Co., 359 A.2d 281, 283 (D.C. 1976).

## COUNT TWO

## NEGLIGENT OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

14. The Plaintiff incorporates by reference Paragraphs 1-11 as set forth herein.

15. The acts of the Defendant Morgan Stanley in freezing the account of the Plaintiff without just cause or lawful process constituted negligent or intentional infliction of emotional distress upon the Plaintiff, and resulted in compensable damages to him. See, Dammerrell v. Islamic Republic of Iran, 404 F. Supp. 2d. 261, 275 (D.D.C. 2005).

## DEMAND

WHEREFORE, in view of the foregoing, Plaintiff Stephen E. Powell demands a trial by Jury and prays that the Court award him actual damages of Ten Thousand Dollars for each Count and punitive damages of One Million Dollars for each Count.

I, Stephen E. Powell, hereby verify that the foregoing allegations of fact are true and correct to the best of my knowledge and belief, and believe them to be true, and that this Complaint is submitted in good faith.

*[signature]* July 12, 2010

Stephen E. Powell


This the 12th day of July, 2010.


Respectfully submitted,

*[signature]*

Stephen Thomas Yelverton, Esq.
D.C. Bar No. 264044
Yelverton Law Firm, P.L.L.C.
601 Pennsylvania Ave., N.W., Suite 900 South
Washington, D.C. 20004
Tel. 202-702-6708
Fax 202-403-3801
Email: styelverton@yelvertonlaw.com


Summons to be served on:

CT Corporation System
1015 15th St., NW, Suite 1000
Washington, DC 20005

Registered Agent for Defendant, D.C. File No. 262284

4

Moana Maxson
1723 Euclid St NW Apt 4
Washington, DC. 20009





CT Corporation System
1015 15th St. N.W.
Suite 1000
Washington, DC 20005

FIRST CLASS



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

STEPHEN E. POWELL
Vs.
MORGAN STANLEY & CO., INC.

C.A. No.     2010 CA 005189 B

## **INITIAL ORDER AND ADDENDUM**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge ROBERT I RICHTER
Date: July 13, 2010
Initial Conference: 9:30 am, Friday, October 15, 2010
Location: Courtroom 213
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Service of Process Transmittal**
07/21/2010
CT Log Number 516984214

**TO:** Alita Wingfield, Managing Attorney
Morgan Stanley Law Division
1221 Avenue of the Americas, 35th Floor
New York, NY 10020

**RE:** **Process Served in District of Columbia**

**FOR:** Morgan Stanley & Co. Incorporated (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Stephen E. Powell, Pltf. vs. Morgan Stanley & Co., Inc., Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Initial Order and Addendum, Summons, Complaint |
| **COURT/AGENCY:** | Superior Court of the District of Columbia, DC Case # 2010 CA 005189 B |
| **NATURE OF ACTION:** | Seeking $2,020,000.00 - For freezing account without just cause or lawful process on February 6, 2009 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/21/2010 postmarked on 07/19/2010 |
| **APPEARANCE OR ANSWER DUE:** | Within twenty (20) days after service of this summons upon you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Stephen Thomas Yelverton Yelverton Law Firm, P.L.L.C. 601 Pennsylvania Ave., N.W. Suite 900 South Washington, DC 20004 202-702-6708 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/21/2010, Expected Purge Date: 08/20/2010 Telephone, Crystal Pruden , 914-225-5628 Image SOP Email Notification, Barbara Valente Barbara.Valente@morganstanley.com Email Notification, Kitoh Grey Kitoh.Grey@morganstanley.com Email Notification, Damian MacDonald Damian.MacDonald@morganstanley.com Email Notification, Crystal Pruden crystal.pruden@morganstanley.com Email Notification, Alita Wingfield Alita.Wingfield@morganstanley.com Email Notification, Lenise Davis lenise.davis@morganstanley.com Email Notification, Osmond Fortin Osmond.Fortin@morganstanley.com Email Notification, Marielle Messa Marielle.Messa@morganstanley.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Mark Diffenbaugh |
| **ADDRESS:** | 1015 15th Street, N.W. Suite 1000 Washington, DC 20005 |
| **TELEPHONE:** | 202-572-3133 |

Page 1 of 1 / TF

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CA Form 1

# Superior Court of the District of Columbia
CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

Stephen E. Powell
_Plaintiff_

vs.

Morgan Stanley & Co., Inc.
_Defendant_

Civil Action No. 0005189-10

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Clerk of the Court_

Stephen Thomas Yelverton
Name of Plaintiff's Attorney

601 Penn. Ave., N.W.
Suite 900 South
Washington, DC 20004
Address

202-200-6708
Telephone

By _____
Deputy Clerk

Date _____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (624-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.